IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ELIAS ABOUD, RICHARD ADAIR, et al., in their individual capacity and as a representative of other similarly situated employees (police officers of the City of Wildwood),<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF WILDWOOD,<br><br>Defendant. | Civil No. 12-7195 (JS) |

## **OPINION**[1]

On November 20, 2012, plaintiffs Elias Aboud, Richard Adair, Christopher Fox, Kenneth Phillips and Paul Zielinski, current or former Wildwood police officers, filed their complaint against the City of Wildwood ("Wildwood").[2] On behalf of themselves and those similarly situated, plaintiffs seek to redress Wildwood's alleged violations of the Fair Labor Standards Act ("FLSA"), and seek to conditionally certify a class pursuant to 29 U.S.C. §216(b).[3] The

---

[1] Pursuant to 28 U.S.C. §636©, the parties consented to the jurisdiction of this Court to hear the case. [Doc. No. 14].

[2] On April 4, 2013, the Court approved Aboud's "Stipulation and Consent Form for Removal as Plaintiff." [Doc. No. 15].

[3] Two other claims are asserted in the complaint that are not the direct subject of this Opinion: (1) plaintiffs seek a declaration that Article XX, ¶5 in their Collective Bargaining Agreement violates the FLSA, and (2) plaintiff Zielinski claims he was "illegally disciplined and terminated from employment in violation of the FLSA." Complaint ¶3.

essence of plaintiffs' claim is that Wildwood failed to pay them for wages and overtime compensation mandated by the FLSA.

Presently before the Court is plaintiffs' "Motion to Conditionally Certify FLSA Collective Action and Send Notice to the Class." [Doc. No. 3]. Wildwood opposes the motion. The Court exercises its discretion to decide plaintiffs' motion without oral argument. Fed. R. Civ. P. 78; L. R. Civ. P. 78.1. For the reasons to be discussed, plaintiffs' motion is GRANTED in part and DENIED in part. As to plaintiffs' main requests, the Court grants conditional certification of their collective action and approves their proposed Notice/Consent to Join form with two additions. The Court denies plaintiffs' request that their notice be posted at work and that a follow-up postcard be sent.

Background[4]

Plaintiffs are members of the Cape May County Lodge No. 7 Fraternal Order of Police ("FOP"). The FOP is the exclusive collective negotiations agent for all Lieutenants, Sergeants and Police Officers employed by the Wildwood Police Department ("WPD"). On May 27, 2011, Wildwood and the FOP entered into a Collective Bargaining Agreement ("CBA") in effect from January 1, 2012 through December 31, 2014. Paul Zielinski Certification (November 20,

---

[4] Plaintiffs did not conduct any formal discovery before they filed their present motion. The motion was filed the day after the complaint was filed.

2012) ¶¶1-2. ("Zielinski Cert.").[5] Wildwood employs approximately thirty-three (33) full-time permanent police officers. Complaint ¶10. Plaintiffs are hourly employees and allege Wildwood "failed and/or refused to pay them and a class of similarly situated police employees for the time worked before the start of their official shift and time worked after the end of their official shift for years." Brief at 11. [Doc. No. 3]. Wildwood has three (3) shifts for its police officers:

    Shift "A"    11 p.m. to 7 a.m.

    Shift "B"    7 a.m. to 3 p.m.

    Shift "C"    3 p.m. to 11 p.m.

Zielinski Cert. ¶5. Wildwood requires its officers to "clock in and out" to account for their hours worked.[6] The CBA requires the officers to work forty (40) hours per week. Per the CBA, work in excess of forty (40) hours is compensated at time and one-half (1½). The CBA specifically provides:

**ARTICLE XX    WORK HOURS AND OVERTIME**

A. The workweek shall consist of forty (40) hours. Should the City decide to alter the current schedule format (absent an emergency), the City agrees to provide the Lodge a minimum of thirty (30) days notice of the change upon its members prior to the implementation of the change. Shifts shall be "steady" shifts, as assigned by the City.

---

[5] The CBA is attached as Exhibit B to plaintiffs' motion.

[6] "Wildwood utilizes a computerized system ("Kronos") which tracks the exact time an employee clocks in and clocks out." Brief at 13 (citing Zielinski Cert. ¶3).

3

> B. Overtime work shall be compensated as follows:
>
> Work in excess of forty (40) hours shall be compensated at time and one-half (1½) which compensation may be taken in dollars or compensatory time. Sick leave and holidays taken off shall not be computed toward the threshold of time and one-half (1½) pay in the workweek during which the days are taken.

CBA at Article XX (p. 42).

As to the instant motion, plaintiffs present two FLSA claims. The first claim relates to Wildwood's requirement that police officers clock in fifteen minutes before their shift starts. This requirement is documented in Article XX.C (p.44) of the CBA which reads:

> 5. The current practice of Uniformed Officers reporting to duty fifteen (15) minutes prior to the start of their tour shall be made a part to this Agreement. Officers shall report, ready for assignment, at the time for briefings and announcements. No extra compensation shall be paid for this time and it shall not count as work time.
>
> 6. Each officer on an eight (8) hour duty shift shall be entitled to breaks from work totaling one (1) hour. Unless otherwise specifically approved by the Officer's immediate supervisor, there shall be a half-hour meal break, and two (2) fifteen (15) minute "coffee breaks." Officers shall be subject to recall from these breaks and shall make their whereabouts known to their superior upon taking a break.

Plaintiffs allege the fifteen minute requirement violates the FLSA because it:

> requires its police officers to report to work 15 minutes before their shift but does not pay the officers for this required report and work time. Defendant requires it[s] police officer employees to clock in 15 minutes before his or her scheduled official shift. Defendant, however, does not pay the police officer for this "off-the-clock" time.

Brief at 16. Plaintiffs allege that although they are required to clock in fifteen minutes before their scheduled start time, and the FLSA requires they be paid for the time, the time is not paid. Plaintiffs allege Wildwood violates the FLSA because it does not pay overtime for the fifteen minutes police officers are required to clock in before their shift formally starts.[7]

Plaintiffs' second main contention relates to alleged "suffered or permitted" overtime. Plaintiffs allege they are regularly required to perform work after their shift ends because of unanticipated events that occur during the shift. However, plaintiffs claim Wildwood does not pay them for work beyond the end of their shift unless the time is "pre-approved." Zielinski Cert. ¶14. Plaintiffs allege this violates the FLSA because although they are required to work overtime, and Wildwood permits the overtime work to be performed, they are not paid for the overtime. Plaintiffs allege, "[d]efendant's practice of requiring pre-approved time in order to be compensated for time actually worked circumvents the mandates under the FLSA requiring compensation for all work suffered or permitted by the employer." Brief at 19-20.

Wildwood raises several arguments in opposition to plaintiffs' request for conditional certification. First, Wildwood argues

---

[7] The fact that Wildwood enforces this policy is evidenced by the disciplinary action taken against Zielinski. Although Zielinski clocked in before his formal start time he was disciplined because he did not always arrive 15 minutes early. See generally Transcript of November 12, 2012 Disciplinary Hearing, Exhibit B to Plaintiffs' Motion. ("Tr.").

5

certification should be denied because "not all putative class members work in the same 'corporate department, division and location' or perform similar jobs." Opposition to Motion ("Opposition") at 2. [Doc. No. 8]. Second, Wildwood alleges plaintiff Adair "has stated that he does not wish to be involved in this lawsuit." Id. Third, Wildwood alleges plaintiff Phillips signed a release in a separate lawsuit releasing Wildwood from all employment claims, including claims made in this lawsuit. Id. at 2-3. Fourth, Wildwood alleges that since plaintiffs Aboud and Fox have not submitted affidavits, there is no evidence they opted in as plaintiffs. Fifth, Wildwood claims plaintiffs misrepresent the work week. It claims the WPD has a 35-hour work week, rather than a 40-hour work week, and that even if plaintiffs work an extra 15 minutes per day, they only work 36.25 hours per week. Id. at 3. Last, Wildwood argues plaintiffs do not supply evidence to support their claim that they can be called away from break or lunch to handle calls. Id. at 3-4. The Court will address each of defendant's arguments infra.

Discussion

1. Conditional Certification

Pursuant to 29 U.S.C. § 216(b), the FLSA authorizes employees to bring a claim on behalf of other employees "similarly situated" who are affected by an employer's common policy. White v. Rick Bus Co., 743 F. Supp. 2d 380, 386 (D.N.J. 2010). The term "similarly

6

situated" is not defined in the FLSA. Kronick v. Bebe Stores, Inc., No. 07-4514 (RBK), 2008 WL 4546368, at *1 (D.N.J. Oct. 2, 2008). The Third Circuit has noted that, while "[n]either FLSA nor the ADEA define the term 'similarly situated,'" a representative, but not exhaustive, list of relevant factors to consider includes "whether the plaintiffs are employed in the same corporate department, division and location; advanced similar claims []; sought substantially the same form of relief; and had similar salaries and circumstances of employment." Ruehl v. Viacom, Inc., 500 F.3d 375, 388 n.17 (3d Cir. 2007).

In determining whether a suit should proceed as a collective action under the FLSA courts use a two stage analysis. Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 192 (3d Cir. 2011). During the first stage the court "makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff." Id. at 192 (citations omitted). The court does not consider the merits of the dispute at this time, and the plaintiff must only demonstrate that the potential class members' "positions are similar, not identical," to his own. Steinberg v. TD Bank, N.A., No. 10-cv-5600 (RMB/JS), 2012 WL 2500331, at *5 (D.N.J. June 27, 2012)(citations omitted); Shakib v. Back Bay Rest. Grp., Inc., No. 10-CV-4564 (DMC)(JAD), 2011 WL 5082106, at *2 (D.N.J. Oct. 26, 2011) ("The merits of the plaintiff's claim need not be evaluated and discovery need not be completed in order for such notice to be

granted and disseminated.").

The Third Circuit utilizes a "modest factual showing" standard to determine if employees are "similarly situated." Symczyk, 656 F.3d at 192-93 (stating that the modest factual showing standard "best comports with congressional intent and with the Supreme Court's directive that a court 'ascertain[] the contours of [a collective] action at the outset.'")(quoting Hoffmann–La Roche Inc. v. Sperling et al, 493 U.S. 165, 172)). The modest factual showing analysis is performed using a lenient standard. Steinberg, 2012 WL 2500331, at *5 (citations omitted). Although a lenient standard is used, the standard requires "some evidence beyond mere speculation that the defendant's policy affected other employees." Id.; Symczyk, 656 F.3d at 193 (requiring a "factual nexus between the manner in which the employer's alleged policy affected [the plaintiff] and the manner in which it affected other employees"). A plaintiff cannot rely solely on the allegations in the complaint, and must instead provide factual support in the form of pleadings, affidavits, deposition testimony, or other supporting documents. Steinberg, 2012 WL 2500331, at *6.

If plaintiff carries his burden at the first stage, "the court will 'conditionally certify' the collective action for the purposes of notice and pretrial discovery." Symczyk, 656 F.3d at 192. When this occurs district courts have the authority to supervise the notification process, including how much time plaintiffs are given to notify class members, how class members are to be notified, and

what contact information plaintiffs are given. Steinberg, 2012 WL 2500331, at *6.

In the second stage of the certification analysis, which occurs after discovery and with a more substantial record, a court determines "whether each plaintiff who has opted-in to the collective action is in fact similarly situated to the named plaintiff." Symczyk, 656 F.3d at 193. At the second stage the defendant can move to decertify the class, and the burden of proof on the plaintiff is higher than in the first stage. Manning v. Goldbelt Falcon, LLC, No. 08-3237 (JEI), 2010 WL 3906735, at *2 (D.N.J. Sept. 29, 2010). At this second stage the court considers whether individualized differences among the plaintiffs make the claims more suitable for individualized, as opposed to class treatment. Steinberg, 2012 WL 2500331, at *7. In stage two, if the court determines the opt-in plaintiffs are similarly situated, then the case may proceed to trial as a collective action. Manning, 2010 WL 3906735, at *2. If the court determines that the plaintiffs are not similarly situated then the class will be decertified or split into subclasses. Id.

Based on the current record the Court finds the case should be conditionally certified. To establish that collective action members are similarly situated at this stage of the case, plaintiffs merely need to show "a modest factual nexus between their situation and that of the proposed class members." White, 742 F. Supp. 2d at 387. This means that plaintiffs "must produce

9

some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's [i.e. Wildwood] alleged policy affected [them] and the manner in which it affected other employees." Symczyk, 665 F.3d at 193 (internal quotations omitted). Plaintiffs have shown that they are similarly situated to the putative class because as it pertains to the key employment terms involved in this case, plaintiffs and all members of the putative class are subject to the same requirements. Although plaintiffs have different jobs within the WPD they were all uniformed officers and members of the FOP. As a result, all plaintiffs and the putative class are or were bound by the same CBA. Zielinski Cert. ¶2. Pursuant to the CBA all uniformed officers are required to report to work fifteen minutes before their scheduled shift starts. Officers are not paid for this fifteen minute time period. Id. ¶¶ 6, 17. Further, the CBA applies to Lieutenants, Sergeants and Police Officers. See CBA at 5. Therefore, plaintiffs and all uniformed Wildwood police officers are subject to the requirement that officers report to work fifteen minutes before their shift starts. At this stage of the case the fact that Zielinski was temporarily assigned as a dispatcher is not determinative. This is true because at all relevant times Zielinski was subject to the same work requirements as the other plaintiffs and the putative class. Consequently, there is sufficient evidence to demonstrate a modest factual nexus between the situation of plaintiffs and other members of the

10

putative class.[8]  The terms of the parties' CBA do not override conflicting FLSA requirements.  See 29 C.F.R. §785.8; Abendschein v. Montgomery County, Md., 984 F. Supp. 356, 359-361 (D. Md. 1997).  See also Martino v. Michigan Window Cleaning Co., 327 U.S. 173, 177-78 (1946); Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945).

Wildwood's arguments in opposition to conditional certification are not persuasive.  One, it is true that not all plaintiffs have the same job title.  However, for purposes of plaintiffs' motion plaintiffs and the putative class are "similarly situated" because they are subject to the same work requirements (i.e., CBA) that allegedly violate the FLSA.  Two, Wildwood argues plaintiff Adair "stated that he does not wish to be involved in this lawsuit."  Opposition at 2.  However, Wildwood supplied no competent proof to support its allegation.  The fact that Adair has not moved to dismiss his claim, unlike former plaintiff Aboud, demonstrates he does not intend to dismiss his claims.  In any event, Wildwood's argument is belied by the fact that Adair filed

---

[8] Although the effective date of the CBA is January 1, 2012, it appears the "15 minute policy" was in effect before this date. See CBA at Article XXX.C.5 (p. 44).  ("The current practice of Uniformed Officers reporting to duty fifteen (15) minutes prior to the start of their tour shall be made a part to this Agreement."). Also, Detective Sergeant Kenneth Gallagher testified at Zielinski's November 12, 2012 disciplinary hearing that the practice of police officers being required to show up fifteen minutes before their assigned shift has been in effect "a number of years."  Tr. at 44:17-21.  To date Wildwood has not challenged plaintiffs' contention that the "15 minute policy" was in effect as of November 20, 2009.

11

a Consent to Join Form. [Doc. No. 9-6]. Three, Wildwood argues conditional certification should be denied because plaintiff Phillips signed a release in a separate lawsuit. However, "issues of individualized proof and defenses are more appropriately addressed at the second stage of certification." Steinberg, 2012 WL 2500331, at *8.[9] Four, even if Aboud and Fox did not submit affidavits, this is not fatal to conditional certification. A separate affidavit from each named or opt-in plaintiff is not required. In addition, and as discussed herein, plaintiffs' proofs demonstrate that plaintiffs and the putative class are similarly situated. Further, Aboud and Fox also filed Consent to Join Forms [Doc. No. 9-6].

Wildwood's most substantive argument is that conditional certification should be denied because its police officers do not work forty hours per week and, therefore, FLSA's overtime requirements are inapplicable. Wildwood argues that police officers work five 8-hour shifts per week and each shift includes a 30-minute lunch break and two 15-minute breaks. As a result, Wildwood contends officers are only scheduled to work thirty-five hours per week. Opposition at 3. Wildwood argues that even if the Court were to include the fifteen minute early arrival time in an officer's work week, the total time worked would only be 36.25 hours per week. Id. Plaintiffs argue that short breaks, like

---

[9]Phillips also signed a Consent to Join Form. [Doc. No. 9-6].

12

those provided for the WPD, are customarily considered working hours under the FLSA. Plaintiffs further argue that because officers are not completely relieved from duty during their meal break the thirty minute break must also be counted as hours worked. Therefore, plaintiffs argue, police officers work forty and not thirty-five hours per week. As a result, plaintiffs argue the fifteen minute early arrival time is overtime pursuant to the FLSA. Plaintiffs' Letter Reply at 6. [Doc. No. 9].[10]

An employer cannot require FLSA protected employees to work more than forty hours per week without paying the employee overtime compensation for any hours worked in excess of forty hours. If an employee works less than forty hours per week the overtime protections of the FLSA are inapplicable. 29 U.S.C. § 207(a). In this instance, the CBA provides "the workweek shall consist of forty (40) hours." CBA at 41. The CBA also provides that officers are allowed one 30-minute meal break and two 15-minute "coffee breaks." However, "officers shall be subject to recall from these breaks and shall make their whereabouts known to their superior upon taking a break." Id. at 44. There is no language in the CBA

---

[10]Plaintiffs' argument that they are required to work to the official end of their shift is not free from doubt. The record is not entirely clear whether plaintiffs' work starts and ends "a quarter of to a quarter after the shift." Tr. 91:4-7; 114:17-24. But see Zielinski Cert. (December 26, 2012) ¶¶ 5-6. This factual dispute presents an issue that will be sorted out in discovery and at the second stage of the certification analysis. This possible factual dispute does not mandate that conditional certification be denied.

13

indicating these breaks are not compensable. To the contrary, pursuant to 29 C.F.R. § 785.18:

> Rest periods of short duration, running from 5 minutes to about 20 minutes . . . are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

Because plaintiffs' two fifteen minute "coffee breaks" are of short duration the Court rejects Wildwood's arguments and concludes that for present purposes they are compensable. See Brock v. Claridge Hotel & Casino, 664 F. Supp. 899, 908 (D.N.J. 1986) (determining that additional short breaks over bona fide meal break was included in the total number of compensable hours worked).

The Court also concludes for present purposes that plaintiffs' thirty minute meal break is compensable. Pursuant to 29 C.F.R. § 785.19 bona fide meal periods are not considered work time. However, to be a bona fide meal period an employee must be completely relieved from duty for the purpose of eating regular meals. "The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating." Id. Although the Third Circuit has not addressed the issue, most other circuit courts have adopted the "predominant benefit test" to determine whether a meal break is "bona fide." Lugo v. Farmer's Pride Inc., 802 F. Supp. 2d 598, 613 (E.D. Pa. 2011). Pursuant to the predominant benefit test "a meal period ... is compensable if an employee is 'perform[ing] activities predominantly for the benefit of the employer.'" Id. Here, the CBA explicitly provides

14

that officers shall be subject to recall during their meal break and there is no indication the break is not compensable time. CBA at 44. Because at this stage of the proceeding plaintiffs only need to produce "some evidence" to support conditional certification, and for the reasons already discussed, the Court concludes for present purposes that Wildwood's police officers do not have a bona fide meal break. Therefore, the thirty minute meal break is compensable. Consequently, for present purposes the Court concludes that Wildwood's police officers work forty hours per week.

Most of the parties' arguments focus on plaintiffs' fifteen minute claim. However, plaintiffs allege a second FLSA violation that must be addressed. Although plaintiffs' proofs on the issue are not compelling, the Court will also conditionally certify plaintiffs' claim that they are denied overtime pay for "suffered or permitted" time. "Work not requested but suffered or permitted is work time." 29 C.F.R. §785.11. If an employer "knows or has reason to believe that ... work is being performed, he must count the time as hours worked." 29 C.F.R. §785.12. The Second Circuit has held that if an employer knows or has reason to know that an employee is working overtime, it cannot deny compensation even where the employee fails to claim overtime hours. Holzapfel v. Town of Newburgh, N.Y., 145 F.3d 516, 524 (2d Cir. 1998), cert. denied, 525 U.S. 1055 (1998); Johnson v. RGIS Inventory Specialists, 554 F. Supp. 2d 693, 709 (E.D. Tex. 2007). See also

15

Scott v. City of New York, 592 F. Supp. 2d 501, 504 (S.D.N.Y. 2008). The Second Circuit has also noted that an employer who has knowledge that an employee is working, and who does not want the work to be done, has a duty to make every effort to prevent its performance. Chao v. Gotham Registry, Inc., 514 F.3d 280, 288 (2d Cir. 2008). Nevertheless, only identifying a few instances of off-the-clock work is insufficient to establish that the work was "suffered or permitted" under the FLSA. Plaintiffs must establish a pattern or practice of employer acquiescence to such work. Burch v. Qwest Communications Intern., Inc., 677 F. Supp. 2d 1101, 1131 (D. Minn. 2009).

Plaintiffs' claim that although they are required to work overtime, and Wildwood knowingly permits this to occur, Wildwood only pays for pre-approved overtime. According to plaintiffs, this results in an FLSA violation because they are not paid overtime for extra hours worked. Plaintiffs' proofs on this issue are contained in ¶¶14-16 of Zielinski's Certification (November 20, 2012) which states:

> 14. I, as well as the other police officers, regularly perform work after the end of his or her respective shift due to unanticipated events that occur during the shift which requires us to work past the end of our shift in order to properly conclude our work duties. Wildwood, however, does not pay us for any time worked beyond the end of our shift unless such time is "pre-approved."
>
> 15. Wildwood's "pre-approval" policy for time and/or overtime worked results in it not compensating us for work actually performed. The Kronos time records reveals that I and the others clock out after the end of our scheduled shift. Wildwood does not compensate us for any

16

> "unapproved time" beyond the scheduled end shift despite the fact that work is required and permitted by Wildwood to be actually performed by us.
>
> 16. Those of us who have worked beyond our scheduled shift due to unanticipated work required events are considered to have worked unapproved time and are not compensated for this time.

Further, Zielinski alleges he routinely worked more than eight hours per shift. Zielinski Cert. (December 26, 2012) ¶5. Wildwood has not disputed these factual averments. Based on the foregoing evidence, the Court finds that plaintiffs satisfy the modest factual showing necessary to conditionally certify their second claim.

2. <u>Notice</u>

As to notice, plaintiffs ask the Court to order Wildwood to provide the names and addresses of putative class members, <u>i.e.</u>, all Lieutenants, Sergeants and Police Officers employed with the WPD from November 29, 2009, to the present. Plaintiffs also ask for the dates of birth and social security numbers for any class member whose mailed notice is returned by the post office. In addition, plaintiffs want leave to send a follow-up postcard to any class member who does not respond thirty days after the mailing of the initial notice. Last, plaintiffs request the Court to order Wildwood to post the approved notice at its City Hall and "within the Police Department work sites in the same areas in which it is required to post FLSA notices." Brief at 35.

As to the content of plaintiffs' proposed Consent to Join Form ("Form"), Wildwood has no objection. The Court's review of the

17

Form reveals two changes to be made. One, the Form shall make clear the date the filled out Form must be returned. Second, the Form shall indicate that the Court has conditionally certified a class involving two claims: (1) employees who were not paid for the fifteen (15) minutes they were required to clock-in before their shift officially started, and (2) employees who were not paid for overtime that was suffered or permitted but not pre-approved.

With respect to the notice period, courts generally find 30-60 days is sufficient. Steinberg, 2012 WL 2500331, at *6. The Court finds that a 45-day opt-in period is appropriate here. This is a reasonable compromise between too short of a period (30 days) and a longer period (60 days). Accord Martinez v. Cargill Meat Solutions, 265 F.R.D. 490, 501 (D. Neb. 2009); Baden-Winterwood v. Life Time Fitness, No. 06-cv-99, 2006 WL 2225825, at *3 (S.D. Ohio Aug. 2, 2006). Plaintiffs have presented no persuasive reason why a longer time period is necessary or appropriate.

The Court will grant plaintiffs' request that Wildwood produce the names and last known addresses of the putative class members. The Court denies without prejudice plaintiffs' request that Wildwood also produce the dates of birth and social security numbers for any class member whose mailed notice is returned. Plaintiffs have not shown that first class mail is insufficient. Steinberg, 2012 WL 2500331, at *10.[11]

Plaintiffs' request for leave to send a follow-up postcard to

---

[11] Plaintiffs may revisit this issue with the Court if notice via their first attempt at first class mail is ineffective.

18

any class members who do not respond within thirty (30) days of mailing is denied. Again, plaintiffs have not shown that notice via first class mail is insufficient. Plaintiffs' request that notice be posted at Police Department work sites is also denied. This request appears unnecessary and redundant. The posted notice is directed at current employees (33) who will already receive mailed notice at home. There is only a slim likelihood that mailings to the current home addresses of Wildwood's current police officers will not be received. "Courts generally require, and Plaintiffs have failed to offer, compelling reasons to allow notice mechanisms beyond first class mail or contact information beyond mailing addresses." Id.

Conclusion

For all the foregoing reasons, plaintiffs' motion for conditional certification will be granted. Plaintiffs' notice requests will be granted in part and denied in part in accordance with this Opinion. An appropriate form of Order accompanies this Opinion.

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

Dated: May 17, 2013