[Doc. Nos. 64, 67]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

PAUL ZIELINSKI, ET AL.,          :
                                 :
                 Plaintiffs,     :
                                 :
        v.                       :     Civil No. 12-7195 (JS)
                                 :
THE CITY OF WILDWOOD,            :
                                 :
                 Defendant.      :
_____:

## OPINION

This matter is before the Court on the "Motion for Summary Judgment" [Doc. No. 64] filed by defendant the City of Wildwood ("Wildwood"). The Court received the response in opposition from plaintiff Paul Zielinski ("Zielinski" or "plaintiff") [Doc. No. 66]. Plaintiff also filed a cross-motion to preclude defendant's expert. [Doc. No. 67].[1] Defendant submitted a reply to plaintiff's opposition [Doc. No. 69] and an opposition to plaintiff's cross-motion [Doc. No. 71]. The Court heard oral argument by telephone on two occasions.[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of this Court to hear the case. [Doc.

---

[1] Wildwood intends to use its expert, William Toms, Ed.D., to testify about police practices, including police officer violations of rules and regulations. Def.'s Opp. to Cross-Motion [Doc. No. 71].

[2] The Court also received plaintiff's letter supplementing the record of the November 20, 2014 oral argument. [Doc. No. 81].

No. 14]. For the reasons to be discussed, defendant's motion for summary judgment is GRANTED. Plaintiff's cross-motion is DENIED as moot.[3]

**BACKGROUND**

At bottom the issue before the Court is straightforward. Zielinski was a City of Wildwood police officer who was directed to report for work fifteen minutes before his shift started (so-called "muster time"). Zielinski objected to this practice, claiming it was illegal for Wildwood to direct him to report fifteen minutes early if he was not paid for the time. Zielinski then knowingly violated the directions of his superiors and repeatedly reported late for work. Despite being disciplined for his chronic lateness, Zielinski continued to report late. Wildwood claims it fired Zielinski for violating its work rules by failing to report to work on time. Zielinski argues he was retailed against because he objected to Wildwood's alleged illegal practice.

This matter formerly concerned multiple plaintiffs, all former police officers for Wildwood, who sought payment for unpaid wages and overtime compensation allegedly owed pursuant to the Fair Labor Standards Act ("FLSA") for muster time. See generally

---

[3] At oral argument on November 20, 2014, the parties agreed that plaintiff's cross-motion to preclude defendant's expert did not have to be decided to rule on defendant's summary judgment motion. Additionally, because the Court grants defendant's motion without consideration of defendant's expert report, plaintiff's cross-motion is moot.

Am. Compl. [Doc. No. 1].[4] On April 7, 2014, the Court approved the parties' settlement agreement of plaintiffs' FLSA claims. See April 7, 2014 Order [Doc. No. 62]. Zielinski participated in this FLSA settlement and shared a portion of the settlement proceeds. As of the date defendant filed this motion, all claims in this matter were resolved with the exception of Zielinski's FLSA retaliation claim contained in count three of the complaint. Zielinski alleges a violation of 29 U.S.C. § 215(a)(3)[5] and claims he was wrongfully disciplined and terminated because he filed a FLSA claim challenging the muster rule. Am. Compl. ¶¶ 142, 143. As set forth in Zielinski's opposition, "[p]laintiff's complaint for wrongful termination alleges that defendant retaliated against him for having complained about the illegality of the [Collective Bargaining Agreement] provision as being in violation of the FLSA." Pl.'s Br. at 6. After oral argument, plaintiff filed, and the Court granted, plaintiff's motion to amend his complaint to assert a new claim under 42 U.S.C. § 1983 for First Amendment violations.

---

[4] The parties disagree as to whether Zielinski's shifts ended at a quarter to the hour, resulting in an 8-hour shift, or whether the shift ended on the hour, and the first 15 minutes was unpaid. Giving plaintiff the benefit of the doubt, as the Court must in the present context, the Court assumes plaintiff was required to report fifteen minutes before his shift started and then required to work an 8-hour shift.

[5] 29 U.S.C. § 215(a)(3) provides that, "it shall be unlawful for any person-- to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee[.]"

Specifically, plaintiff added a claim that Wildwood retaliated against him for exercising his First Amendment rights after he complained about not being paid for muster time. Am. Compl. ¶¶ 145-48 [Doc. No. 82-5]. Wildwood opposed Zielinski's motion to amend and argued that all disciplinary actions taken against him were in response to chronic rule violations and did not relate to Zielinski's "complain[ts] about perceived [FLSA] violations." Def.'s Opp. at 2 [Doc. No. 83].

Wildwood does not dispute that Zielinski was disciplined and ultimately terminated. Def.'s Br. at 1. Wildwood claims, however, that these actions had nothing to do with Zielinski's FLSA claims and complaints. Id. Rather, Wildwood asserts that Zielinski was disciplined and terminated "for chronic, long-term lateness, to which he previously plead guilty and agreed to serve a lengthy on-the-record suspension." Id. Thus, in order to decide Wildwood's motion it is necessary to understand Zielinski's disciplinary history. What the history unquestionably shows is that despite numerous warnings and discipline, Zielinski chronically showed up late for work and was terminated for his insubordination.

Zielinski worked as an active officer for the Wildwood Police Department for about 20 years. Def.'s Statement of Material Facts ("Def.'s Facts") ¶ 1. In December 2008, Zielinski underwent neck surgery and was out on medical leave for over two years. Def.'s Facts ¶¶ 12, 13. Because Zielinski was absent from work for over

4

two years, he was required to undergo extensive retraining upon his return. Def.'s Facts ¶ 14. When Zielinski returned from medical leave on April 11, 2011, he was assigned to work as a communications/dispatch officer pending completion of his retraining. Def.'s Facts ¶ 16.

On July 15, 2011, Captain Regalbutto, one of Zielinski's superiors, sent Zielinski an email stating that he was aware that Zielinski had been reporting late to work (arriving some time during muster time) and offering him an opportunity to change his behavior before discipline was warranted. Def.'s Facts ¶ 17. Zielinski acknowledged receiving this email. Def.'s Facts ¶ 19. On May 28, 2012, Captain Regalbutto emailed Zielinski regarding a shift assignment and reminded him that his shift began 15 minutes before the hour, specifically at 6:45 a.m. if the shift started at 7 a.m. and 2:45 p.m. if the shift started at 3 p.m. Def.'s Facts ¶ 20. Zielinski also acknowledged receiving this email. Def.'s Facts ¶ 21. Zielinski acknowledges that even though he was acting as a communications officer he was still subject to the terms of the Collective Bargaining Agreement ("CBA") between Wildwood and the Fraternal Order of Police ("FOP"). Pursuant to the CBA Zielinski was required to report to his shift 15 minutes early.

Pl.'s Response to Def.'s Statement of Material Facts ("Pl.'s Facts") ¶ 22.[6]

After continuous late arrivals for his shift, Zielinski was served with Preliminary Notices of Disciplinary Actions ("PNDAs") on January 19, March 5 and May 10, 2012. Def.'s Facts ¶¶ 23-25. Each notice contained similar charges including chronic or excessive absenteeism or lateness, a violation of N.J.A.C. 4A:2-2.3(a)(4). Def.'s Facts ¶ 27. Zielinski pled guilty to the lateness charges, and in exchange, all other charges were dropped. Def.'s Facts ¶ 27. Zielinski and Wildwood signed a settlement agreement on July 3, 2012, wherein Zielinski agreed to serve an "on the record" suspension totaling 135 days for his violations. Def.'s Facts ¶ 28. An "on the record" suspension results in no lost time from work but may be used in considering future disciplinary actions. Def.'s Facts ¶¶ 29-30.

On August 20, 2012, Zielinski was served with another PNDA citing that he reported late for 17 of the 24 shifts following the July 3, 2012 settlement agreement. Def.'s Facts ¶ 32. Zielinski was charged with various lateness and neglect of duty charges and was also charged with conduct unbecoming a police officer under

---

[6] Although defendant apparently disputes whether Zielinski was a party to the CBA (Def.'s Facts ¶ 8, Pl.'s Facts ¶ 8), plaintiff alleges he was bound by the CBA. On this summary judgment motion the Court must draw all reasonable inferences in the light most favorable to the non-moving party. Thus, for present purposes, the Court assumes Zielinski was a party to the CBA and required to report to work 15 minutes before his shift began. And, that he was not paid for the 15 minutes.

the common law of the State of New Jersey. Def.'s Facts ¶¶ 34-36.
Zielinski requested a hearing on the August 20 charges. Def.'s
Facts ¶ 37. On October 23, 2012, subsequent to the filing of the
charges, but prior to the hearing, Zielinski filed his first
complaint in New Jersey Superior Court against Wildwood alleging
violations of the FLSA. Def.'s Facts ¶ 38. After Wildwood removed
the case to federal court Zielinski voluntarily dismissed the
complaint. Def.'s Facts ¶ 38.

The hearing on Zielinski's August 20, 2012 charges was held
on November 12, 2012 before an independent hearing officer. Def.'s
Facts ¶ 41. At this hearing, Zielinski was represented by counsel.
Def.'s Facts ¶ 42. On November 20, 2012, subsequent to the November
12, 2012 hearing but before the hearing officer's decision,
Zielinski filed the instant federal complaint. Compl. [Doc. No.
1]. The complaint included Zielinski's claim for retaliatory
discharge and termination. Def.'s Facts ¶ 47.[7] These claims were
not discussed at the November 12, 2012 hearing. Def.'s Facts ¶ 48.
The hearing officer's decision was rendered on December 1, 2012;
seven of the eight charges against Zielinski were sustained with
the exception of the charge of conduct unbecoming a police officer.
Def.'s Facts ¶¶ 49, 54-55. The hearing officer's decision noted

---

[7] Additionally, Zielinski states in the complaint that "[i]n or about
April-May 2012" he advised Wildwood "that he was going to file a lawsuit against
[d]efendant for violations of the FLSA as a result of the [d]efendant issuing
disciplinary suspension time against Zielinski for 'lateness' without
compensating him for this time." Am. Compl. ¶ 83.

that he considered various documents including Zielinski's attendance records and the direct and cross-examination of Zielinski's supervisors. Def.'s Facts ¶¶ 50-51. The hearing officer found that Zielinski "[had] been given repeated written notices and warnings incorporated within prior disciplinary actions that he has been expected to report for assigned duty on time, specifically 15 minutes before the start of the shifts he has been assigned to cover . . . . He arrived and clocked-in late on 85% of his 20 assigned work days during the July 9 to August 18, 2012 time period." Def.'s Ex. L, Dec. 1, 2012 Decision of Hearing Officer at 13. The hearing officer wrote that Zielinski "is clearly guilty of chronic or excessive absenteeism or lateness, that his conduct is a neglect of duty, and that he violated the Wildwood Police Department's rules and regulations as charged." Id. Further, the hearing officer found that due to the "extensive previous documented progressive disciplinary record" including multiple suspensions, which Zielinski accepted responsibility for, and the repeated notices and warnings, the proper penalty was termination. Id. at 14. On December 4, 2012, the City of Wildwood accepted the hearing officer's recommendations and Zielinski was terminated. Def.'s Facts ¶¶ 61-62.[8]

---

[8] Wildwood asks the Court to find that Zielinski was appropriately disciplined for chronic lateness under the applicable regulations of the New Jersey Civil Service Commission. See Def.'s Br. at 7. The Court agrees with Zielinski that whether he was properly disciplined is not determinative as to

Wildwood argues that Zielinski was appropriately disciplined for chronic lateness, termination was an appropriate remedy, and Zielinski has produced no facts to support his claim that it imposed illegal, discriminatory or retaliatory discipline because of plaintiff's FLSA complaints. See generally Def.'s Br. Zielinski responds that Wildwood's discipline and termination constitutes retaliation under the FLSA and violates his First Amendment rights. See generally Pl.'s Br. Nevertheless, Zielinski does not contest that he repeatedly reported late for work. Albeit, plaintiff insists he should have been paid for muster time.[9]

## DISCUSSION

Pursuant to Fed. R. Civ. P. 56, summary judgment is appropriate where the court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . . demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury

---

the instant motion. See Pl.'s Br. at 9. Rather, the Court only considers whether Zielinski's termination was retaliatory conduct under the FLSA.

[9] Zielinski, along with two other officers no longer in case, filed a motion for partial summary judgment on June 19, 2013. See Mot. for Partial Summ. J. [Doc. No. 24]. In the motion, the moving plaintiffs asked the Court to declare the muster policy facially illegal. Id. The Court found there was a material question of fact regarding how the policy could be interpreted and denied the motion. See Nov. 26, 2013 Order [Doc. No. 48].

could return a verdict in favor of the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The materiality of a fact turns on whether under the governing substantive law, a dispute over the fact might have an effect on the outcome of the suit. <u>Id.</u> The court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. <u>See</u> <u>Startzell v. City of Phila.</u>, 533 F.3d 183, 192 (3d Cir. 2008).

The moving party bears the initial burden of informing the court of the basis for its motion and demonstrating the absence of a genuine issue of material fact. <u>Celotex</u>, 477 U.S. at 323. Once the burden is met, the burden shifts to the non-moving party to "set forth specific facts showing that there [are] . . . . genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Anderson</u>, 477 U.S. at 250. The party opposing summary judgment may not "rest upon mere allegation[s] or denials of his pleading," but must set forth specific facts and present affirmative evidence demonstrating that there is a genuine issue for trial. <u>Id.</u> at 256-57.

**1. Prima Facie Claim of FLSA Retaliation**

Under the FLSA, it is unlawful to "discharge . . . any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under this chapter[.]" 29 U.S.C. § 215(a)(3). To establish a prima facie case

10

of retaliatory discharge, a plaintiff must demonstrate that: (1) the plaintiff engaged in a protected activity, (2) the employer undertook an adverse employment action against the plaintiff, and (3) there was a causal link between the plaintiff's protected action and the employer's adverse action.[10] Marra v. Phila. Hous. Auth., 497 F.3d 286, 300 (3d Cir. 2007); see also Barnello v. AGC Chems. Ams., Inc., C.A. No. 08-cv-03505 (WJM/MF), 2009 WL 234142, at *6 (D.N.J. Jan. 29, 2009) (applying the McDonnell Douglas burden shifting framework to FLSA retaliation claims). After the prima facie case is made, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the adverse action. Marra, 497 F.3d at 300. If successful, the burden of production returns to the plaintiff, who must show by a preponderance of the evidence that the employer's reason was false, and that the true source for the adverse employment action was retaliation. Id. (citing Moore v. City of Phila., 461 F.3d 331, 342 (3d Cir. 2006)).

To engage in a protected activity a plaintiff need not file a formal written complaint with an employer; rather, a verbal complaint that provides notice of the allegations to the employer is sufficient to form the basis of a FLSA retaliation claim. Kasten v. Saint-Gobain Performance Plastics Corp., 131 S. Ct. 1325, 1335

---

[10] Zielinski wrongly states that it is Wildwood's burden to show its actions were not retaliatory. Pl.'s Br. at 6. Rather, it is the plaintiff that has the burden to establish a prima facie retaliation claim. Marra v. Phila. Hous. Auth., 497 F.3d 286, 300 (3d Cir. 2007).

(2011); Ghobrial v. Pak Mfg., Inc., C.A. No. 11-2023 (ES), 2012 WL
893079, at *4 (D.N.J. Mar. 13, 2012) ("courts in this Circuit, in
interpreting Kasten, have held that unofficial, oral complaints to
an employer are sufficient to show participation in protected
activity."). In this case, Zielinski filed a complaint in the
Superior Court of New Jersey asserting violations of the FLSA on
October 23, 2012 (which was voluntarily dismissed) and a second
federal complaint on November 20, 2012. Additionally, Zielinski
alleges that "[i]n or about April-May 2012" he advised Wildwood
"that he was going to file a lawsuit against [d]efendant for
violations of the FLSA as a result of [d]efendant issuing
disciplinary suspension time against Zielinski for 'lateness'
without compensating him for this time." Am. Compl. ¶ 83; Zielinski
Cert. ¶ 7 [Doc. No. 9-2]. The notification that Zielinski would
sue as well as the complaints themselves constitute protected
activity under the FLSA. Kasten, 131 S. Ct. at 1335. Further, it
is undisputed that Zielinski was disciplined and terminated on
December 4, 2012. It is clear, therefore, that plaintiff satisfies
the first and second elements of a prima facie case. Thus, the
following analysis focuses on whether Zielinski can demonstrate a
causal link between his complaints and his discipline and ultimate
termination.

To demonstrate a causal link or causation in a FLSA
retaliation claim, the Third Circuit permits plaintiffs to rely on

12

a "broad array of evidence." Farrell v. Planters Lifesavers Co., 206 F.3d 271, 284 (3d Cir. 2000). In considering this evidence district courts focus "on two main factors in finding the causal link necessary for retaliation: timing and evidence of ongoing antagonism." Abramson v. William Patterson Coll. of N.J., 260 F.3d 265, 288 (3d Cir. 2001) (citing Farrell, 206 F.3d at 281). Temporal proximity may suffice to demonstrate causation, for example, where a plaintiff was fired just two days after filing an EEOC complaint. Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989). When the facts show that the temporal relationship is not "unusually suggestive," timing alone is insufficient, absent other evidence, to demonstrate causation. Krouse v. Am. Sterilizer Co., 126 F.3d 494, 503 (3d Cir. 1997).

While Zielinski can show that he was terminated a few weeks after filing his second complaint, this temporal relationship is not, by itself, unusually suggestive. Frazier v. Bed Bath & Beyond Inc., C.A. No. 2:10-05398 (WJM), 2013 WL 1845499, at *5 (D.N.J. Apr. 30, 2013) (five-week gap between complaint and allegedly adverse action was not, by itself, "unusually suggestive of retaliatory motive"); see also Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 760 (3d Cir. 2004) (two months not unusually suggestive); Carmody v. Pa. State Univ., C.A. No. 5-1645, 2007 WL 1074862, at *8 (M.D. Pa. Apr. 9, 2007) (one month not unusually suggestive). In addition, as noted by the hearing

officer, Zielinski was given progressive discipline. Further, Zielinski was not fired until after the hearing officer recommended his termination. Thus, the time frame between Zielinski's complaints and his hiring is not in and of itself sufficient to make out a prima facie case of causation.

In short, Zielinski presents no evidence of ongoing antagonism and no argument which explains how his discipline and termination in December 2012 was in retaliation for his protected activity. Although Zielinski can show that he threatened suit as early as April 2012, he has not provided evidence that his discipline notices were related to this threat of suit rather than in response to his continuous rule violations.[11] Instead, the undisputed evidence illustrates that Zielinski was given at least two written warnings about his violations without being disciplined, and was only terminated in response to the issuance of four PNDAs within an eight-month period and in light of a previous suspension. Thus, Zielinski has not established a prima facie claim of retaliation.

The fundamental mistake in plaintiff's argument is his insistence that he was engaged in protected activity when he reported late for work. The Court agrees that plaintiff's oral and court complaints were protected activity. Kasten, 131 S. Ct. at

---

[11] For example, Zielinski does not contend that any other officer who violated department lateness policies was treated differently.

1329. However, plaintiff's decision to knowingly flaunt the work requirement that he report to work fifteen minutes before his shift started was not protected activity but instead was insubordination. Plaintiff has provided no support for his argument that knowing refusal to report on time for work is protected activity.[12] See Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 716-17 (8th Cir. 2011) (nurse's act of recording her disallowed overtime was insubordination and not protected activity under §215(a)(3)); Bogner v. R&B Sys., Inc., C.A. No. 10-193, 2011 WL 1832750, at *5 (E.D. Wash. May 12, 2011) ("failing to comply with such a modest adjustment to one's schedule could constitute insubordination and serve as a basis for termination" and would not give rise to a retaliation claim under the FLSA). This is true even if it is the case, as plaintiff argues, that he was not paid for his muster time. Plaintiff's recourse was to seek compensation for his muster time, which he did in this case by filing his complaint, rather than to defy his work rules. As noted in Ritchie,

---

[12] One outlier case potentially suggests that refusing to report to work for unpaid time raises a fact question as to whether employees were engaged in protected activity under the FLSA. See Wilke v. Salamone, 404 F. Supp. 2d 1040 (N.D. Ill. 2005). This case is distinguishable. In Wilke, the plaintiffs were carpenters, who according to their employer, had engaged in substandard work. Id. at 1044. In response, their employer demanded that they fix the work "on their own time" or face termination. Id. After the employees failed to report to work to fix the problem they were terminated. Id. The court held that a factual question existed as to whether failing to report to work was a protected activity and denied summary judgment. Id. at 1048. Here, Wildwood did not ask Zielinski to work for free to make up for unsatisfactory work. Rather, Wildwood merely asked Zielinski, as it asked all of its police officers, to comply with the police department's shift schedule and the CBA. Choosing not to comply with the schedule and CBA is not protected activity. In addition, Zielinski was given progressive discipline and was fired after multiple work rule violations.

630 F.3d 713, 717 (8th Cir. 2011), "[i]nsubordination is not protected under the FLSA, and insubordination is not sufficient to trigger the anti-retaliation provision[.]"

An instructive case is Vargas v. Gen. Nutrition Centers, Inc., C.A. No. 10-867, 2011 WL 43020, at *7 (W.D. Pa. Jan. 6, 2011). In Vargas, the court dismissed plaintiff's retaliation claim because the act of modifying recorded hours did not constitute protected activity under the FLSA. Id. at *7. The court stated that while it did not condone the employer's underlying practice of encouraging employees to not report overtime, it found that "an employee's 'self-help' method to accomplish the goal of being compensated for all time worked does not constitute a 'complaint' [under the FLSA.]" Id. Rather, the court found that a complaint must be "a formal or informal, written or oral, statement of objection by an employee to an employer about the latter's labor practices." Id. Zielinski's "self-help" conduct was similar to the plaintiff in Vargas. The Court agrees with Vargas that Zielinski's self-help method of reporting late was not protected activity under the FLSA and therefore cannot give rise to a retaliation claim.

The statute plaintiff relies upon, 29 U.S.C. § 215(a)(3), supports the Court's ruling. The statute states that it is unlawful to discriminate against anyone who filed a complaint or instituted a FLSA related proceeding, or who testified in a proceeding or who is on an industry committee. The statutory language, therefore,

16

protects against discrimination caused by plaintiff's complaints. The language does not protect a police officer who does not report on time for work because he is upset he is not paid for the time. Quite simply, the FLSA does not prohibit an employer from appropriately disciplining an employee who is insubordinate. If plaintiff's argument is accepted, an employer may be liable for retaliation every time it disciplined its employee. This would create chaos in the workplace.

**2. Pretext**

Even if Zielinski established a prima facie retaliation claim, which he did not, Wildwood has provided a legitimate, nondiscriminatory reason for his discipline and termination. Under the burden-shifting analysis, once a prima facie case is established by the plaintiff the burden of persuasion shifts back to the defendant to put forth "a legitimate, nondiscriminatory reason" for the employment decision. Cononie v. Allegheny Gen. Hosp., 29 Fed. Appx. 94, 95 (3d Cir. 2002). If the defendant succeeds in demonstrating that the decision was based on a nondiscriminatory reason, "the burden of production rebounds to the plaintiff, who must show by a preponderance of the evidence that the employer's explanation was merely a pretext for its actions, thus meeting the plaintiff's burden of persuasion." Puchakjian v. Twp. of Winslow, 804 F. Supp. 2d 288, 304 (D.N.J. 2011), aff'd, 520 Fed. Appx. 73 (3d Cir. 2013). Here, Wildwood has

17

shown that Zielinski's discipline and termination was based on his extensive record of lateness, violations that Zielinski was repeatedly warned about. The hearing officer found that due to the "extensive previous documented progressive disciplinary record," including multiple suspensions, which Zielinski previously accepted responsibility for, and the repeated notices and warnings, the proper penalty was termination. Def.'s Ex. L, Dec. 1, 2012 Decision of Hearing Officer at 14. The hearing officer went into great detail documenting all of Zielinski's attendance records and found that his chronic violations warranted termination. Indeed, plaintiff does not contest his chronic lateness. Additionally, plaintiff acknowledges he was subject to the CBA which required him to report to his shift 15 minutes before the shift began. See Def.'s Opp, Ex. D, Collective Bargaining Agreement.

Case law supports the notion that an employee's violation of company policies constitutes a legitimate, nondiscriminatory reason for termination. See, e.g., Grey v. City of Oak Grove, Mo., 396 F.3d 1031 (8th Cir. 2005) (police department's decision to terminate an officer for his failure to follow police department policies, including misusing sick leave, was legitimate and nondiscriminatory); Cross v. Bally's Health & Tennis Corp., 945 F. Supp. 883 (D. Md. 1996) (company's decision to terminate an employee for excessive lateness in violation of company policy was

legitimate and nondiscriminatory); <u>Gideon v. Rite aid of Ohio, Inc.</u>, C.A. No. 08-426, 2009 WL 3788728 (S.D. Ohio Nov. 10, 2009) (terminating an employee because she violated company policy by modifying her time sheets was legitimate and nondiscriminatory); <u>Bick v. Harrah's Operating Co.</u>, C.A. No. 98-7849, 2000 WL 204222 (N.D. Ill. Feb. 17, 2000) (terminating an employee because he violated company policy was legitimate and nondiscriminatory); <u>Martin v. Loomis Armored US, Inc.</u>, C.A. No. 08-0418, 2009 WL 1956685 (M.D. Tenn. July 7, 2009) (terminating an employee because he committed theft and violated company policy was legitimate and nondiscriminatory). Zielinski does not dispute that the charges against him were filed in response to actual department violations. Thus, Wildwood has provided a legitimate, nondiscriminatory reason for Zielinski's termination.

Since Wildwood can provide a legitimate, nondiscriminatory reason for Zielinski's termination, the burden of production rebounds to the plaintiff, who must show by a preponderance of the evidence that the employer's explanation was merely a pretext for its actions, thus meeting the plaintiff's burden of persuasion. Zielinski has not provided any such evidence. Thus, even if Zielinski presented a prima facie retaliation claim, he has not shown Wildwood's actions were merely a pretext for a retaliatory intent.

Zielinski asserts the "essential question" in this matter is whether the 15-minute muster provision is illegal. The Court disagrees. In order to assert a retaliation claim under the FLSA Zielinski must show that his protected activity was the cause of his discipline and termination. He has failed to do so. For present purposes it is not determinative whether Zielinski should have been paid for muster time. Instead, it is only relevant whether the actions taken by Wildwood were retaliatory because of Zielinski's protected activity.

As noted, in the present context it is not determinative whether Zielinski should have been paid for muster time. In fact, in the present context, the Court must assume Zielinski should have been paid. Nevertheless, this did not give Zielinski the right to flaunt his work rules and to continue with his insubordination. Simply put, Zielinski was not engaged in protected activity when he purposely reported late for work. Zielinski was engaged in protected activity when he complained to his supervisors and when he filed his complaints. It is clear, however, that Zielinski was not fired because he engaged in this protected activity. He was fired because he violated his work rules. See Walker v. Interstate Distrib. Co., C.A. No. 99-1807, 2001 WL 1230882, (D. Or. May 24, 2001) (an employee who added time he believed he should be paid for on his time sheet was not engaged in protected activity); Randolph v. ADT Sec. Servs., Inc., C.A. No. 09-1790, 2011 WL

20

3476898, at *5 (D. Md. Aug. 8, 2011) ("the FLSA's complaint clause is more akin to a participation clause, which generally bars retaliation based on an employee's involvement in or initiation of an investigation, proceeding, or hearing."). What Zielinski should have been content to do is to seek payment for his muster time. He accomplished this goal by settling his FLSA claim in exchange for a monetary payment. Zielinski did not have the right to decide for himself when he should or should not report to work. The reason Zielinski was fired was because he continually violated his work rules and the directions of his superiors by reporting late. Zielinski has not produced any evidence that he was fired because he complained he was not being paid for muster time.

Zielinski makes numerous arguments that are irrelevant for present purposes, i.e., that the 15-minute muster provision is illegal,[13] that he was not required to present a defense during the November 12, 2012 hearing, and that Wildwood has provided no evidence to show that he was permitted to leave 15 minutes before the end of his shift. See Pl.'s Br. None of these arguments are determinative as to Wildwood's motion which asserts that Zielinski was not retaliated against for his FLSA complaints. Thus, the Court

---

[13] Plaintiff's argument that he was directed to engage in illegal activity is rejected. There is nothing illegal about requiring police officers to report 15 minutes before their shift starts when this is agreed to in a CBA. Whether the officer should be paid for this time is another matter. Plaintiff's proper recourse was to seek payment for his muster time which is precisely what he did when he filed the instant complaint.

does not find Zielinski's supplemental arguments germane to the Court's analysis of his retaliation claim and will not address them.

The Court, therefore, will enter summary judgment for Wildwood on Zielinski's retaliation claim contained in count three of his complaint. Additionally, because the Court grants Wildwood's summary judgment motion, Zielinski's cross-motion to preclude Wildwood's expert is denied as moot. Wildwood's motion is granted even without consideration of Dr. Toms' expert report. The Court need not address the admissibility of defendant's expert report to decide defendant's motion for summary judgment.

### 3. First Amendment Retaliation Claim

Last, the Court considers the new count contained in Zielinski's amended complaint. The new fourth count contains a claim under 42 U.S.C. § 1983 for alleged violations of the First Amendment. See Am. Compl. ¶¶ 145-48. As relayed at oral argument, plaintiff's First Amendment claim relates to the oral complaints Zielinski made to his co-workers and superiors regarding defendant's muster time policy. In limited circumstances, "the First Amendment protects public employees from retaliation by their employer." Fogarty v. Boles, 121 F.3d 886, 888 (3d Cir. 1997). "Under 42 U.S.C. § 1983, public employees may sue to enforce that protection if (1) they spoke on a matter of public concern; (2) their interest in that field outweighs the government's concern

with the effective and efficient fulfillment of its responsibilities to the public; (3) the speech caused the retaliation; and (4) the adverse employment decision would not have occurred but for the speech. Id. (citing Green v. Phila. Housing Auth., 105 F.3d 882, 885 (3d Cir.1997)).

Here, the Court has already found that Zielinski's termination was not based on his speech and that his adverse employment decision would have occurred in the absence of any complaints. Therefore, Wildwood is entitled to summary judgment on Zielinski's First Amendment claim.[14] See Bradshaw v. Twp. of Middletown, 296 F. Supp. 2d 526, 542 (D.N.J. 2003), aff'd sub nom., 145 Fed. Appx. 763 (3d Cir. 2005) (claims of First Amendment violations under § 1983 failed as a matter of law where the plaintiff failed to show retaliatory conduct); Zimmerlink v. Zapotsky, 539 Fed. Appx. 45, 50 (3d Cir. 2013) (even where the plaintiff demonstrated harassment, she failed to show "the extreme conduct that gives rise to a First Amendment retaliation claim" and thus failed to state a claim). Since there are no viable claims in plaintiff's amendment complaint, defendant's summary judgment motion will be granted and the case will be dismissed.

**CONCLUSION**

---

[14] Because of this ruling there is no need to address whether plaintiff satisfied the first two elements necessary to make out a First Amendment retaliation claim.

Accordingly, for all the foregoing reasons, the Court grants Wildwood's motion for summary judgment as to the FLSA retaliation claim in Count Three of plaintiff's amended complaint and the § 1983 First Amendment claim in Count Four. The Court finds that Zielinski has not set forth a prima facie case of retaliation under the FLSA or the First Amendment. In the alternative, even if Zielinski was able to set forth a prima facie claim of retaliation, his motion would still be denied because Wildwood had a legitimate, nondiscriminatory reason for termination. Plaintiff has not shown that Wildwood's justification for his firing was a pretext. Because Wildwood's motion is granted, Zielinski's cross-motion to preclude Dr. Toms' expert report and testimony [Doc. No. 67] is denied as moot. An appropriate Order follows.

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

Dated: December 10, 2014

24